**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MAHESH PATEL et al. | CRIMINAL NO. 3:21-CR-00220-VAB |

**PROTECTIVE ORDER**

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored protective order, it is therefore ordered that:

1. All documents (and the information contained therein) disclosed by the United States (the "Government") in discovery to date or at any time after the date of this Order, including documents disclosed under 18 U.S.C. § 3500; Federal Rule of Criminal Procedure 16(a); *Brady v. Maryland*; and/or *United States v. Giglio* ("Disclosed Documents"), may be reviewed by the defendants and their Defense Counsel and shall be used by the defendants, their Defense Counsel, and Defense Counsel's agents, only for the purposes of the defense of, and the pursuit of any appeals in, this criminal case. The term "Defense Counsel" means the full-time, part-time, and contract employees of the defendants' counsel of record in this case including secretarial, clerical, paralegal, and student personnel and litigation support vendors retained by defendants or on their behalf in connection with this case (e.g. vendors that provide services such as photocopying, videotaping, translating, preparing exhibits or demonstratives, or organizing, storing, or retrieving data in any form or medium) and the employees and subcontractors of those vendors. To the extent that Disclosed Documents are shown or provided to additional persons consistent with the terms set forth below, those additional persons may use the documents only for the purposes of this criminal case, including any appeals.

2. Disclosed Documents:

    a. shall not be copied or otherwise recorded by the defendants, except as deemed necessary by Defense Counsel for the purpose of preparing and defending the criminal proceedings in this case;

    b. shall not be distributed or disclosed in any form by the defendants or Defense Counsel except as set forth in paragraphs 2(c) and 2(d) below;

    c. may be distributed or disclosed only by Defense Counsel to the following persons:

        i. expert witnesses (including potential expert witnesses), investigators or advisers who are engaged by the defendants or on their behalf in connection with this case, provided that beforehand such persons are provided with a copy of this Protective Order and acknowledge in writing their agreement to be bound by its terms;

        ii. counsel for potential witnesses (when such individuals are represented by counsel) in connection with interviews or other communications by Defense Counsel in the course of investigating or defending the case provided that beforehand such potential witnesses and their counsel are provided with a copy of this Protective Order and acknowledge in writing their agreement to be bound by its terms;

        iii. counsel for the entities referenced in the Indictment as Companies A through F and their affiliates, provided that beforehand such entities and their

counsel are provided with a copy of this Protective Order and acknowledge in writing their agreement to be bound by its terms;

    iv.    such other persons as hereafter may be authorized by the Court upon motion by the defendants, upon such terms as the Court may determine.

    d.    may be disclosed only by Defense Counsel to the following persons:

    i.    potential witnesses unrepresented by counsel and other third parties in connection with interviews or other communications by Defense Counsel in the course of investigating or defending the case, except that Defense Counsel may not provide copies or recordings of Disclosed Documents to such unrepresented potential witnesses and third parties and provided that beforehand such persons are provided with a copy of this Protective Order;

    ii.    participants in a focus group or mock jury or similar exercise who have acknowledged in writing their agreement not to use the Disclosed Documents for any purpose other than such exercise, and who shall not be permitted to retain any copies of the Disclosed Documents; and

    iii.    such other persons as hereafter may be authorized by the Court upon motion by the defendants, upon such terms as the Court may determine.

3.    Defense counsel shall maintain copies of the written acknowledgements of persons and entities provided copies of Disclosed Documents under paragraph 2(c), which may be provided electronically, including by email reply, and such acknowledgements need not be disclosed or provided to the government unless ordered by the Court.

4. Should any party seek to file Disclosed Documents with the Court at any time, it will do so only (1) under seal or (2) with the express permission of all other parties.

5. The provisions of this Order shall be not be construed as preventing the disclosure of any information in any conference, hearing, trial, or sentencing proceeding held in this case.

6. The terms of this Order shall not apply to documents or information obtained by a defendant from a source other than the Disclosed Documents. To the extent that the Government's discovery contains documents that are also publicly available (without fault of the defendants), nothing in this Order shall restrict the use of such publicly available documents.

7. The defendants and Defense Counsel will abide by the restrictions set forth in this Order unless a defendant or Defense Counsel makes a written request to the Government for an exception to these restrictions, and such a request is granted and the Court is so notified. The Government shall make all reasonable efforts to accommodate such exceptions. If the parties cannot reach agreement on such a request, the defendants may seek relief from the Court.

8. The Government may designate certain Disclosed Documents as "Protected Discovery Material," under Section (G) of the United States District Court for the District of Connecticut's Standing Order on Discovery (Amended September 10, 2020) (the "Standing Order"). Documents designated as Protected Discovery Material will be subject to the custody and public disclosure provisions contained in Sections (G)(2) and (G)(3) of the Standing Order, as well as the provisions of this Protective Order, except that Defense Counsel may provide copies or recordings of any Disclosed Documents, including documents that the Government may designate as Protected Discovery Material, to their respective clients.

9. Upon completion of the case, defense counsel shall return all Disclosed Documents in their possession, as well as copies made to the government, or shall destroy such materials. This requirement shall not apply to any portions of Disclosed Documents that may be incorporated into any attorney work product; if such material is maintained, it shall be maintained consistent with the terms of this Protective Order.

10. This Order is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

SO ORDERED.

| /s/ Victor A. Bolden | January 17, 2022 |
|---|---|
| HON. VICTOR A. BOLDEN<br>UNITED STATES DISTRICT JUDGE | DATE |