# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | Criminal Action No. |
| | : | 3:21-CR-220(VAB)/(RAR) |
| v. | : | |
| | : | |
| MAHESH PATEL, ROBERT HARVEY, | : | |
| HARPREET WASAN, STEVEN | : | |
| HOUGHTALING, TOM EDWARDS and | : | |
| GARY PRUS, | : | |
| | : | April 5, 2022 |
| *Defendants*. | : | |
| | : | |

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' JOINT MOTION FOR A BILL OF PARTICULARS

# TABLE OF CONTENTS

**Page**

INTRODUCTION..................................................................................................................... 1

LEGAL STANDARD .............................................................................................................. 2

ARGUMENT............................................................................................................................ 4

I.     THE GOVERNMENT MUST PROVIDE THE NAMES OF ALL UNINDICTED
CO-CONSPIRATORS ................................................................................................. 4

II.    THE GOVERNMENT MUST PROVIDE THE NAMES OF THE SPECIFIC
INDIVIDUALS ALLEGEDLY IMPACTED BY THE ALLEGED
CONSPIRACY ............................................................................................................. 9

CONCLUSION....................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In Re Terrorist Bombing of U.S. Embassies in E. Africa*, 552 F.3d 93 (2d Cir. 2008)........................................................................................................................ 2

*U.S. v. Acheampong*, No. CIV. 3:96-cr-132 (AHN), 1996 WL 684417 (D. Conn. Oct. 8, 1996)................................................................................................................ 2

*U.S. v. Aquart*, No. 3:06-cr-160 (PCD), 2006 WL 268430 (D. Conn. Sept. 19, 2006)...................................................................................................................... 5, 6

*U.S. v Aronov*, No. 19-cr-408 (MKB), Mem. & Order (Dkt. No. 181) (E.D.N.Y. May 6, 2021)................................................................................................... 5, 8

*U.S. v. Bestway Disposal Corp.*, 681 F. Supp. 1027 (W.D.N.Y. 1988).......................... 3

*U.S. v. Bortnovsky*, 820 F.2d 572 (2d Cir.1987).......................................................... 3

*U.S. v. Carpenter*, No. 3:13-cr-226 (RNC), 2015 WL 9480449 (D. Conn. Dec. 29, 2015)....................................................................................................................... 3

*U.S. v. Chen*, 378 F.3d 151 (2d Cir. 2004)................................................................... 3

*U.S. v. Climatemp, Inc.*, 482 F. Supp. 376 (N.D. Ill. 1979)................................... 3, 11

*U.S. v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988).......................................................... 7

*U.S. v. Fischbach & Moore, Inc.*, 576 F. Supp. 1384 (W.D. Penn. 1983)............. 10, 11

*U.S. v. Ganim*, 225 F. Supp. 2d 145 (D. Conn. 2002).................................................. 2

*U.S. v. Greater Syracuse Bd. of Realtors, Inc.*, 438 F. Supp. 376 (N.D.N.Y. 1977)............. 3, 4, 9

*U.S. v. Greater Syracuse Bd. of Realtors, Inc.*, 449 F. Supp. 887 (N.D.N.Y. 1978).................... 4

*U.S. v. Kemp*, No. 2:16-cr-00403 (DS) (D. Utah 2016)......................................... 5, 11

*U.S. v. Louis Trauth Dairy, Inc.*, 1994 WL 876373 (S.D. Ohio Dec. 7, 1994) ........... 11

*U.S. v. Luna*, No. 3:05-cr-58 (SRU), 2006 WL 1668006 (D. Conn. May 17, 2006) ............... 5, 6

*U.S. v. Mahaffy*, 446 F. Supp. 2d 115 (E.D.N.Y. 2006) ............................................... 6

*U.S. v. Metro. Leather & Findings Ass'n*, 82 F. Supp. 449 (S.D.N.Y. 1949)........... 6, 7

*U.S. v. Michel*, No. 19-cr-148-1 (CKK), 2019 WL 5797669 (D.D.C. Nov. 6, 2019) ...................................................................................................... 7

*U.S. v. Muhammad*, No. 3:12-cr-00206 (AVC), 2013 WL 6091858 (D. Conn. Nov. 19, 2013) ...................................................................................... 3

*U.S. v. Mulhall*, 428 F. Supp. 2d 82 (D. Conn. 2006) ................................... 3

*U.S. v. Nachamie*, 91 F. Supp. 2d 565 (S.D.N.Y. 2000) ......................... 5, 7, 8

*U.S. v. Pignone*, 189 F. Supp. 532 (D. Conn. 1960) ..................................... 7

*U.S. v. Savin*, No. 00-cr-45 (RWS), 2001 WL 243533 (S.D.N.Y. Mar. 7, 2001) ................. 5, 6, 8

*U.S. v. Suntar Roofing, Inc.*, 709 F. Supp. 1526 (D. Kan. 1989) ................ 11

*U.S. v. True*, 250 F.3d 410 (6th Cir. 2001) .............................................. 10

**Statutes and Rules**

Fed. R. Crim. P. 7(f) .............................................................................. 1, 2

Fed. R. Evid. 801(d)(2)(E) .......................................................................... 7

Pursuant to Federal Rule of Criminal Procedure 7(f), Defendants Mahesh Patel, Robert Harvey, Harpreet Wasan, Steven Houghtaling, Tom Edwards and Gary Prus ("Defendants") jointly request that this Court order the government to provide a bill of particulars.

## INTRODUCTION

The government's Indictment is fundamentally flawed in many respects. Most significantly, it expands criminal antitrust laws beyond any contours ever recognized by the courts or alleged by the Department of Justice. But that is a motion for another day. For purposes of this motion, the flaw is the lack of particularity necessary to defend against these unprecedented charges. The government has declined to supplement the Indictment despite our requests, and by this motion we request that the Court order it to do so.

The Indictment alleges a conspiracy spanning nine years and involving at least six different companies. The alleged conspiracy purports to encompass "engineers and other skilled-labor employees" who performed "services such as electrical and mechanical engineering, design, testing, software development, supply chain management, and project management for the purpose of designing, manufacturing, and servicing, among other things, aircraft for both commercial and military purposes." Indictment ¶ 1. The government alleges that "[v]arious corporations and individuals" not charged in the Indictment participated as co-conspirators but fails to identify any such uncharged corporations or individuals. *Id.* ¶ 17. The Indictment further alleges that the acts of the various corporations were undertaken by unidentified "officers, directors, agents, employees, and other representatives while they were actively engaged in the management, direction, control, or transaction of [the corporations'] business or affairs." *Id.* ¶ 18. Yet, despite its alarming breadth and ill-defined scope, and other than cherry-picking excerpts from a handful of emails, the Indictment contains the barest of detail.

In advance of this motion, Defendants requested that the government provide particulars that are crucial for Defendants' preparation of a defense, such as the names of the co-conspirators allegedly involved in, and the employees allegedly impacted by, the charged conduct.[1] The government refused to provide a bill of particulars, and merely "voluntarily disclosed" the names of Companies A-F and three individuals not charged in the Indictment.[2] The government's refusal to provide such essential particulars is contrary to well-established precedent in this Circuit and inconsistent with its own past practices.

Accordingly, the Court should order the government to provide a bill of particulars identifying the names of all alleged co-conspirators (companies and individuals) referenced in the Indictment, including individuals by and through whom the government alleges the companies acted, and the names of any employees allegedly targeted and/or affected by the alleged conspiracy, so that Defendants can properly prepare a defense to the charges in this case and avoid unfair surprise at trial.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 7(f) permits the Court to "direct the government to file a bill of particulars." The bill of particulars operates as a factual supplement to the allegations made in an indictment, with the purpose of providing defendants with notice of the charge, thus allowing them to "prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *In Re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 150 (2d Cir. 2008); *see also U.S. v. Ganim*, 225 F. Supp. 2d 145, 155-56 (D. Conn. 2002) (purpose is to "apprise the defendant of the

---

[1] The Defendants' letters requesting a bill of particulars are attached as Exhibit 1.

[2] The Government's response to Defendants' letters requesting a bill of particulars is attached as Exhibit 2.

charges against him with sufficient precision so as to enable him to prepare his defense, to avoid

unfair surprise at trial, and to preclude a second prosecution for the same offense."); *U.S. v.

Mulhall*, 428 F. Supp. 2d 82, 86 (D. Conn. 2006) (same); *U.S. v. Acheampong*, No. CIV. 3:96-cr-

132 (AHN), 1996 WL 684417, at *1 (D. Conn. Oct. 8, 1996) (same).

 The decision to grant a bill of particulars lies squarely "within the sound discretion of the

district court." *U.S. v. Muhammad*, No. 3:12-cr-00206 (AVC), 2013 WL 6091858, at *1 (D.

Conn. Nov. 19, 2013) (citing *U.S. v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987)).

 A bill of particulars should be granted where defendant sufficiently demonstrates that the

"charges of the indictment are so general that they do not advise the defendant of the specific

acts of which he is accused." *Muhammad*, 2013 WL 6091858, at *1 (citing *U.S. v. Chen*, 378

F.3d 151, 163 (2d Cir. 2004)); *see also U.S. v. Carpenter*, No. 3:13-cr-226 (RNC), 2015 WL

9480449, at *2 (D. Conn. Dec. 29, 2015) (same). Courts have recognized a heightened concern

from the lack of specificity in criminal antitrust cases for two reasons. First, "no other type of

criminal case reaching the federal courts involves more complexity of issues and evidence than

antitrust cases." *U.S. v. Climatemp, Inc.*, 482 F. Supp. 376, 389 (N.D. Ill. 1979) (complexity of

issues addressed in part by voluntary disclosure of unindicted co-conspirators in bid rigging

antitrust case); *see also U.S. v. Bestway Disposal Corp.*, 681 F. Supp. 1027, 1029-30 (W.D.N.Y.

1988) (legal and factual complexity of antitrust case makes voluntary disclosure in bill of

particulars "necessary to enable the corporate defendants to investigate the allegations against

them and to adequately prepare their defenses."). Second, "[g]reater specificity is warranted in

antitrust cases where the facts generally are not so much in issue as is how the law should be

applied to the facts." *Id.* at 1030. For this reason, "[t]he courts which have, over the years,

confronted the issue of Demands for Bills of Particulars in criminal antitrust cases have been

unanimous in recognizing that such cases are different from the 'ordinary' criminal case." *U.S. v. Greater Syracuse Bd. of Realtors, Inc.*, 438 F. Supp. 376, 380 (N.D.N.Y. 1977) (ordering bill of particulars in criminal antitrust case).

In *U.S. v. Greater Syracuse Bd. of Realtors, Inc.*, defendants were charged with conspiring to fix, raise, maintain, and stabilize the sales commissions charged by residential realtors in violation of § 1 of the Sherman Act. 449 F. Supp. 887, 890 (N.D.N.Y. 1978). The court ordered the government to provide various requested particulars, including "any effects of the agreement which the government intends to show." *Greater Syracuse Bd. of Realtors*, 438 F. Supp. at 380-81. The court emphasized that "a great majority of antitrust combination and conspiracy cases are presented, of necessity, by use of circumstantial evidence," and that such evidence includes the "effects of the agreement . . . , which lead to the inference that an agreement existed." *Id.* at 380. In such cases, the defendants cannot "prepare their defense or avoid unfair surprise at trial" without adequate notice of the factual details that define the scope of the conspiracy alleged. *Id.* Moreover, the court emphasized that "it is no answer to an otherwise proper demand . . . that the particulars sought are evidentiary, or involve the naming of potential witnesses at trial. Similarly, it is no answer that the defendant should know the facts demanded, for the defendant is presumed to be innocent; in any event, the Bill of Particulars is aimed at the facts as alleged by the government, rather than as they actually exist." *Id.* at 379.

## ARGUMENT

## I. THE GOVERNMENT MUST PROVIDE THE NAMES OF ALL UNINDICTED CO-CONSPIRATORS

Defendants requested that the government provide a bill of particulars identifying, among other things, the names of all alleged co-conspirators. In response, the government refused to provide a bill of particulars, and instead made a "voluntary disclosure" of the names of

Companies A-F and three uncharged individuals. *See* Exhibit 2. Beyond that, the government unhelpfully stated that it "further discloses that the identities of additional co-conspirators are reflected in materials produced in discovery."[3] *Id.* at 3.

In determining whether a defendant is entitled to the names of unidentified co-conspirators, courts in this Circuit consider the following factors: the volume of pretrial disclosure; the number of co-conspirators; the duration and breadth of the alleged conspiracy; whether the government has otherwise provided adequate notice of the particulars; the potential danger to co-conspirators given the nature of the alleged criminal conduct; and the potential harm to the government's investigation. *See, e.g.*, Ex. 4, *U.S. v Aronov*, No. 19-cr-408 (MKB), Mem. & Order (Dkt. No. 181) (E.D.N.Y. May 6, 2021); *U.S. v. Aquart*, No. 3:06-cr-160 (PCD), 2006 WL 2684304 (D. Conn. September 19, 2006); *U.S. v. Luna*, No. 3:05-cr-58 (SRU), 2006 WL 1668006 (D. Conn. May 17, 2006); *U.S. v. Savin*, No. 00-cr-45 (RWS), 2001 WL 243533 (S.D.N.Y. Mar. 7, 2001); *U.S. v. Nachamie*, 91 F. Supp. 2d 565 (S.D.N.Y. 2000). Here, each factor weighs in favor of a bill of particulars, as (i) the discovery (over 710,000 documents) is voluminous, (ii) there are potentially dozens or more co-conspirators, (iii) the conspiracy allegedly spanned approximately nine years and included at least six companies, (iv) there is no conceivable danger to co-conspirators, if identified, and (v) there is no potential harm to the government's investigation, which is demonstrated by the fact that the government has not redacted the names of any potential co-conspirators in the discovery provided to the defense.

In *U.S v. Luna*, the government alleged a seven-year narcotics conspiracy that involved at least 23 co-conspirators and produced thousands of telephone call recordings. 2006 WL

---

[3]  The government's refusal to provide even the names of alleged co-conspirators is inconsistent with the government's practice in many other criminal cases, including antitrust cases. *See, e.g.*, Ex. 3, *U.S. v. Kemp*, No. 2:16-cr-00403 (DS) (D. Utah 2016) (in antitrust prosecution charging conspiracy to allocate servicing of estates, government voluntarily provided list of alleged co-conspirators in response to defense request).

1668006, at *2. The Court granted a bill of particulars on the grounds that "overwhelming a defendant with discovery can obscure the particulars of a charge as fully as denying discovery. Thus, when faced with 'mountains' of discovery or 'massive disclosures,' a defendant may still be unable to prepare for trial and prevent surprise." *Id.* The Government does not "fulfill its obligation merely by providing mountains of documents to defense counsel." *Id.*

Here, absent particulars, Defendants would be at an even greater disadvantage than those in *Luna*. The government has produced over 710,000 documents spanning 2.3 million pages, including correspondence involving well over 100,000 unique email authors and recipients, and referring to countless other individuals within such documents. Without particulars, the Defendants will be left guessing who among the thousands of individuals identified in the discovery materials the government alleges to be a co-conspirator. In antitrust cases where a number of companies are claimed to be involved, "it is hard to see the reasonableness of requiring the interviewing of hundreds and perhaps thousands of miscellaneous employees, when perhaps a dozen or so, in the case of a single corporate defendant, would suffice, if the charge were particularized." *U.S. v. Metro. Leather & Findings Ass'n*, 82 F. Supp. 449, 454 (S.D.N.Y. 1949) (granting bill of particulars identifying unindicted co-conspirators in criminal antitrust case). *See also Aquart*, 2006 WL 2684304 at *2 ("[A] large volume of discovery may warrant a bill of particulars if it obfuscates the allegedly unlawful conduct and unfairly inhibits the defendant's preparation for trial."); *U.S. v. Mahaffy*, 446 F. Supp. 2d 115, 119 (E.D.N.Y. 2006) ("Perhaps the most frequent case in which particulars are warranted is where discovery is overwhelmingly extensive."); *Savin*, 2001 WL 243533 at *5 (granting bill of particulars identifying unindicted co-conspirators where alleged conduct involved six corporate defendants, conduct spanned six years, and pretrial disclosure was "extraordinarily voluminous"); *Nachamie*,

91 F. Supp. 2d at 571 (granting bill of particulars identifying unindicted co-conspirators where government had produced "over 200,000 pieces of paper").

Particulars are also warranted to avoid trial by surprise, a concern that is exacerbated here given the duration of the alleged conspiracy. In such a circumstance, many of the alleged co-conspirators "may never have met." *Id*. at 572 (granting bill of particulars identifying unindicted co-conspirators involved in conspiracy among eight defendants lasting more than three years). The absence of such critical information by way of a bill of particulars creates concrete risks because (1) Defendants may be held liable for the actions of any unidentified co-conspirators; and (2) the identity of co-conspirators may impact what evidence can be admitted at trial as statements of co-conspirators under Federal Rule of Evidence 801(d)(2)(E). *See U.S. v. Michel*, No. 19-cr-148-1 (CKK), 2019 WL 5797669, at *18 (D.D.C. Nov. 6, 2019). In a complex antitrust case, the prejudice at trial from the lack of particulars is "inevitable." *Metro. Leather & Findings Ass'n*, 82 F. Supp. at 454.

For good reason, therefore, the government cannot merely rely on discovery as an "adequate substitute for a straightforward identification in a bill of particulars." *U.S. v. Davidoff*, 845 F. 2d 1151, 1155 (2d Cir. 1988). Because the Defendants cannot know whether the government deems the involvement of any of the thousands of persons referenced in the discovery materials to rise to the level of co-conspirator, it would be overly burdensome and ultimately an exercise in futility for the Defendants to attempt to identify "co-conspirators" by reviewing hundreds of thousands of documents and interviewing the thousands of employees and former employees named therein. *Metro. Leather & Findings Ass'n*, 82 F. Supp. at 454. Defendants are entitled to this information because the alleged co-conspirators are implicated as directly as parties to the alleged agreements and events that make up the charges. *See U.S. v.*

*Pignone*, 189 F. Supp. 532, 532 (D. Conn. 1960) (granting a motion for a bill of particulars where indictment was "silent on the identity of the co-conspirators" and thus lacked the requisite specificity).

Finally, the government has no legitimate concern that disclosing the names of unindicted co-conspirators will endanger those individuals or compromise the government's investigation. *See Nachamie*, 91 F. Supp. 2d at 573 (contrasting absence of endangerment where non-violent crimes are alleged as compared to drug trafficking or murder); *Savin*, 2001 WL 243533, at *5 (no evidence of danger to co-conspirators in case involving allegations of investment fraud). The identification of co-conspirators will not affect the government's investigation as, according to the government, the names of all such co-conspirators are in the discovery materials and the government has not taken any steps to redact any such names in those materials. Moreover, even if such a concern existed in this case, it is clearly outweighed by the Defendants' need for information identifying unindicted co-conspirators. *See* Ex. 4, *U.S. v Aronov*, No. 19-cr-408 (MKB), Mem. & Order (Dkt. No. 181 at 6-7, 9, 17) (E.D.N.Y. May 6, 2021) (granting bill of particulars despite any legitimate law enforcement and investigatory concerns given the voluminous discovery covering 350 transactions over six-year period).

The Government has directed the Defendants to sort through the thousands of unique email authors and recipients in its production and guess as to which might be alleged co-conspirators. Given the voluminous discovery, the untold number of potential co-conspirators employed or formerly employed by the six Companies A-F, and the burden of relying solely on a review of the discovery records, it is essential that the Court grant a bill of particulars identifying all unindicted co-conspirators. Without this information, the Defendants cannot ascertain the

scope and nature of the agreement with which they are charged with sufficient precision to prepare their defense adequately and prevent surprise at trial.

## II.   THE GOVERNMENT MUST PROVIDE THE NAMES OF THE SPECIFIC INDIVIDUALS ALLEGEDLY IMPACTED BY THE ALLEGED CONSPIRACY

Defendants are entitled to the names of the employees whom the Government alleges were impacted by the alleged conspiracy for the same reasons that the Defendants are entitled to the names of the unindicted co-conspirators.[4] Just as with the identity of alleged co-conspirators, the sheer volume of documents produced to date obscures the critical information the Defendants seek; nor is it known that the instances in which the government contends an employee was impacted by the alleged conspiracy reside within the documents produced. Moreover, the Government claims that the conspiratorial agreement was aimed at "engineers and other skilled-labor employees" employed by the six corporations associated with Defendants—a nebulous and potentially very large group. In response to Defendants' various requests for particulars for the categories of "engineers" and "other skilled-labor employees" involved, the government refused to further define the categories of "engineers," and defined "other skilled-labor employees" merely as those who "may not consider themselves or may not be considered by others as 'engineers.'" *See* Exhibit 2 at 2. In short, the government has left open the possibility that the agreement was intended to and did impact every employee at each company.

The Defendants cannot adequately prepare their defense without the identities of the allegedly impacted employees, and thus which employment contracts may have been correspondingly affected, because the effects of the alleged agreement are what define the

---

[4]   Defendants requested that the government provide a bill of particulars identifying the employees allegedly impacted by the charged conduct. *See* Exhibit 1. The government did not respond specifically to those requests, but presumably lumped them in with others the government refused when claiming that "those requests do not seek information about the nature of the charge pending against the defendants that could not otherwise be discerned from the charging document or from other disclosures, but instead constitute premature demands for disclosure of trial evidence and trial argument." *See* Exhibit 2 at 3.

agreement's scope, and hence the nature of the charge that Defendants face, as is typical in criminal antitrust cases. *See Greater Syracuse Bd. of Realtors,* 438 F. Supp. at 381 (in criminal antitrust cases the "effects of the agreement . . . lead to the inference that an agreement existed.")

For this reason, courts have granted bills of particulars identifying the specific contracts that were subject to bid-rigging allegations where the government alleged a long-running bid rigging conspiracy involving numerous competing bidders. For example, in *U.S. v. Fischbach & Moore, Inc.*, 576 F.Supp. 1384 (W.D. Penn. 1983), the court ordered the government to provide a bill of particulars identifying which of 150 contracts had been impacted by an alleged bid-rigging conspiracy among electrical contractors over a seven-year period. The government in *Fischbach* had already provided a significant amount of information to the defendants, including the grand jury testimony of 28 witnesses and numerous documents and exhibits. *Id.* at 1388-89. Nonetheless, the court ruled that the defendants were entitled to more information as to the conspiracy and actions with which they were charged. *Id.* at 1389. Accordingly, the court required the government to "identif[y] [] which contracts are alleged to be the subject of the conspiracy." *Id. See also U.S. v. True*, 250 F.3d 410, 414 (6th Cir. 2001) (noting that the district court had granted a bill of particulars identifying the specific contracts and customers affected by a bid-rigging conspiracy). Likewise, here the government should be required to inform Defendants which of the many employees who worked as "engineers" or "other skilled-labor employees" at the six companies at issue are alleged to be the subject of or affected by the alleged no-poach agreement.

Nor would it be an answer to an otherwise proper demand that *all* employment contracts with engineers and other skilled-labor employees employed by Companies A-F were affected by the alleged agreement during the relevant period. In *Fischbach*, the government claimed that "all

jobs bid for during [the] period are covered by the indictment as subjects of the conspiracy, and

that the question of which particular jobs are involved is [therefore] not relevant." 576 F. Supp.

at 1388. The court disagreed, concluding that "[t]he defendants are entitled to more information

as to the conspiracy and actions with which they are charged." *Id.* Moreover, the court ruled

that disclosing the bids would not unreasonably limit the government's case or "freez[e]" its

proof. *Id.* at 1389.

Consistent with applicable precedent, it is common practice for the government

voluntarily to provide particulars identifying the contracts and customers it alleges were

impacted by the claimed criminal antitrust conspiracy. *See, e.g.*, *U.S. v. Ben M. Hogan Co. Inc*.,

769 F.2d 1293 (8th Cir. 1985) (voluntary bill of particulars identifying bids allegedly rigged on

highway construction contracts); *U.S. v. Kemp*, No. 2:16-cr-00403 (DS) (D. Utah 2016) (Exhibit

3) (in antitrust prosecution charging conspiracy to allocate servicing of estates, government

voluntarily provided list of affected estates along with list of alleged co-conspirators); *U.S. v.

Louis Trauth Dairy, Inc.*, 1994 WL 876373 (S.D. Ohio Dec. 7, 1994) (bill of particulars provided

voluntarily in bid rigging and customer allocation case); *U.S. v. Suntar Roofing, Inc.*, 709 F.

Supp. 1526 (D. Kan. Apr. 5, 1989) (bill of particulars provided voluntarily in customer allocation

case in roofing industry); *U.S. v. Climatemp, Inc.*, 482 F.Supp. 376 (N.D. Ill. 1979) (noting that

because criminal antitrust cases presented such complex issues and evidence, it was appropriate

for the government to have voluntarily provided a bill of particulars identifying over 80 contracts

the defendants allegedly rigged); *U.S. v. Allied Asphalt Paving Co.*, 451 F.Supp. 804 (N.D. Ill.

1978) (voluntary bill of particulars identifying bids allegedly rigged on airport construction

contracts); *U.S. v. Brighton Bldg. & Maint. Co.*, 435 F.Supp. 222 (N.D. Ill. 1977) (voluntary bill

of particulars identifying bids allegedly rigged on highway construction contracts).

Given the broad categories of employees alleged to have been impacted by the charged conspiracy, the number of employers alleged to have been involved, the length of the alleged conspiracy, and the burden of relying solely on a review of hundreds of thousands of records, the Court should grant a bill of particulars identifying all employees allegedly targeted and/or impacted by the charged conduct so that Defendants can properly prepare a defense to the charges in this case and avoid unfair surprise at trial.

## CONCLUSION

For the reasons set forth herein, Defendants Mahesh Patel, Robert Harvey, Harpreet Wasan, Steven Houghtaling, Tom Edwards and Gary Prus respectfully request that the Court issue an order compelling the Government to file a bill of particulars identifying (1) the names of all the alleged co-conspirators (corporations and individuals) referenced throughout the Indictment, including individuals by and through whom the government alleges the companies acted; and (2) the names of all the specific individuals allegedly targeted and/or impacted by the alleged conspiracy.

Respectfully requested,

*/s/ Brian E. Spears*
BRIAN E. SPEARS (ct14240)
Spears Manning & Martini LLC
2425 Post Road, Suite 203
Southport, CT 06890
T: (203) 292-9766
F: (203) 292-9682
Email: bspears@spearsmanning.com

*Counsel for Mahesh Patel*

*/s/ Paul McConnell*
PAUL MCCONNELL (ct29062)
McConnell Family Law Group
638 Prospect Ave.

Hartford, CT 06105
T: (860) 266-1166
F: (860) 967-3412
Email: paul.mcconnell@familylaw.com

GUY PETRILLO (ct19924)
Petrillo Klein & Boxer LLP
655 Third Avenue 22nd Floor
New York, NY 10017
T: (212) 370-0330
Email: gpetrillo@pkbllp.com

*Counsel for Robert Harvey*

*s/ Craig A. Raabe*
CRAIG A. RAABE (ct04116)
Izard, Kindall & Raabe LLP
29 South Main Street,
West Hartford, CT 06107
T: (860) 513-2939
F: (860) 493-6290
Email: craabe@ikrlaw.com

MARC A. WEINSTEIN (pro hac vice)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
T: (212) 837-6460
F: (212) 299-6460
Email: marc.weinstein@hugheshubbard.com

*Counsel for Harpreet Wasan*

*/s/ Patrick A. Klingman*
PATRICK A. KLINGMAN (ct17813)
Klingman Law, LLC
280 Trumbull Street, 21st Floor
Hartford, CT 06013
T: (860) 256-6120
Email: pak@klingmanlaw.com

RICHARD F. ALBERT (pro hac vice)
Morvillo, Abramowitz, Grand, Iason & Anello P.C.
565 Fifth Avenue
New York, NY 10017
T: (212) 880-9560

F: (212) 856-9494
Email: ralbert@maglaw.com

*Counsel for Steven Houghtaling*

/s/ James M. Moriarty
JAMES M. MORIARTY (ct21876)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
T: (203) 368-4234
F: (203) 368-5485
Email: jmoriarty@zeislaw.com

MARC SIEGEL (pro hac vice)
Farmer Brownstein Jaeger Goldstein Klein &
Siegel LLP
235 Montgomery Street, Suite 835
San Francisco, California 94104
T: 415-795-2050
F: 415-520-5678
Email: msiegel@fbjgk.com

*Counsel for Tom Edwards*

/s/ Audrey A. Felsen
AUDREY A. FELSEN (ct20891)
Koffsky & Felsen, LLC
1150 Bedford Street
Stamford, CT 06905
T: (203) 327-1500
F: (203) 327-7660
Email: afelsen@aol.com

*Counsel for Gary Prus*

I hereby certify that on April 5, 2022, a copy of the foregoing JOINT MOTION FOR A BILL OF PARTICULARS was filed electronically and transmitted to any party unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by other means. Parties may access this filing through the Court's CM/ECF System.

*/s/ Brian E. Spears*
BRIAN E. SPEARS (ct14240)
Spears Manning & Martini LLC
2425 Post Road, Suite 203
Southport, CT 06890
T: (203) 292-9766
F: (203) 292-9682
Email: bspears@spearsmanning.com

*Counsel for Mahesh Patel*

*/s/ Paul McConnell*
PAUL MCCONNELL (ct29062)
McConnell Family Law Group
638 Prospect Ave.
Hartford, CT 06105
T: (860) 266-1166
F: (860) 967-3412
Email: paul.mcconnell@familylaw.com

GUY PETRILLO (ct19924)
Petrillo Klein & Boxer LLP
655 Third Avenue 22nd Floor
New York, NY 10017
T: (212) 370-0330
Email: gpetrillo@pkbllp.com

*Counsel for Robert Harvey*

*s/ Craig A. Raabe*
CRAIG A. RAABE (ct04116)
Izard, Kindall & Raabe LLP
29 South Main Street,
West Hartford, CT 06107
T: (860) 513-2939
F: (860) 493-6290

Email: craabe@ikrlaw.com

MARC A. WEINSTEIN (pro hac vice)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
T: (212) 837-6460
F: (212) 299-6460
Email: marc.weinstein@hugheshubbard.com

*Counsel for Harpreet Wasan*

*/s/ Patrick A. Klingman*
PATRICK A. KLINGMAN (ct17813)
Klingman Law, LLC
280 Trumbull Street, 21st Floor
Hartford, CT 06013
T: (860) 256-6120
Email: pak@klingmanlaw.com

RICHARD F. ALBERT (pro hac vice)
Morvillo, Abramowitz, Grand, Iason & Anello P.C.
565 Fifth Avenue
New York, NY 10017
T: (212) 880-9560
F: (212) 856-9494
Email: ralbert@maglaw.com

*Counsel for Steven Houghtaling*

*/s/ James M. Moriarty*
JAMES M. MORIARTY (ct21876)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
T: (203) 368-4234
F: (203) 368-5485
Email: jmoriarty@zeislaw.com

MARC SIEGEL (pro hac vice)
Farmer Brownstein Jaeger Goldstein Klein &
Siegel LLP
235 Montgomery Street, Suite 835
San Francisco, California 94104
T: 415-795-2050
F: 415-520-5678

16

Email: msiegel@fbjgk.com

*Counsel for Tom Edwards*

*/s/ Audrey A. Felsen*
AUDREY A. FELSEN (ct20891)
Koffsky & Felsen, LLC
1150 Bedford Street
Stamford, CT 06905
T: (203) 327-1500
F: (203) 327-7660
Email: afelsen@aol.com

*Counsel for Gary Prus*