UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:21-CR-220 (VAB) |
| v. | : | |
| MAHESH PATEL, | : | |
| ROBERT HARVEY, | : | **Filed Under Seal** |
| HARPREET WASAN, | : | |
| STEVEN HOUGHTALING, | : | April 2, 2023 |
| TOM EDWARDS, and | : | |
| GARY PRUS | : | |

## THE UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE UNFAIRLY PREJUDICIAL HEARSAY EVIDENCE

The Government hereby opposes Defendants' motion *in limine* seeking to preclude the Government from offering two exhibits in evidence at trial, GX-0054 and GX-0080. Both documents are coconspirator statements falling squarely within the ambit of Federal Rule of Evidence 801(2)(d)(E). (Both of the individuals who made statements in the emails shown in the exhibits were disclosed in the Government's pretrial coconspirator list.) To the extent Defendants argue otherwise, that issue is appropriately addressed through cross-examination of the witness who testifies about the documents, and, ultimately, a *Geaney* hearing at the end of trial.

Defendants' motion, in essence, is an attempt to reassert their argument for a modified *Geaney* procedure, which this Court has already rejected. *See* Dkt. 460. Mar. 27, 2023 Order Denying Defs. Mot. in Lim. For Modified Geaney Trial Procedure. In its order, this Court stated that it "*will not deviate from the standard practice of this Circuit,*" which is to "conditionally admit coconspirator statements and then 'determine, when all the evidence is in, whether . . . the prosecution has proved participation in the conspiracy, by the defendant against whom the hearsay is offered, by a fair preponderance of the evidence.'" *Id.* (emphasis added) (quoting *United States v. Geaney*, 417 F.2d 1116, 1120 (2d. Cir. 1969)). Accordingly, this Court will take

up the issue of whether the Government has proved by a preponderance of the evidence that the charged conspiracy existed and the admissibility of coconspirator statements after the close of evidence, rather than making those decisions sporadically throughout the course of trial, on an incomplete record.

Even if this Court were to examine GX-0054 and GX-0080 prior to the *Geaney* hearing, however, Defendants' motion should still be denied. None of Defendants' arguments for preclusion of the exhibits under Rule 801(d)(2)(E), Rule 401, and Rule 403 have merit, namely, that: (1) the exhibits refer to multiple agreements, whereas the charge alleges a single conspiracy; (2) the two exhibits fail to prove Defendants' membership in the conspiracy; (3) the witness through whom the Government intends to offer these exhibits had to have his memory refreshed during his Grand Jury testimony about the exhibits; (4) the documents are simply irrelevant; and (5) the documents are unfairly prejudicial. We consider each argument in turn.

*First*, the mere existence of multiple agreements between and among coconspirators does not negate the existence of the larger overarching conspiracy. As long as the coconspirators "agreed on the essential nature of the plan" and "join[ed] together to further one common unlawful design or purpose," a jury could find the existence of a single conspiracy. *United States v. Maldonado-Rivera*, 922 F.2d 934, 963 (2d Cir. 1990) *(citing United States v. Bagaric,* 706 F.2d 42, 63 (2d Cir. 1983)). *See also United States v. Geibel*, 369 F.3d 682, 689 (2d Cir. 2004) ("[T]o prove a single conspiracy, the government must show that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal."). The Court's preliminary jury instructions reflect this law, and that jurors will be instructed to evaluate the evidence as a whole, not piecemeal, in order to determine whether the charged conspiracy existed. *See* Dkt. 456, Mar. 27, 2023, Annotated Post-Trial Jury Instr., at 41 ("In determining

whether a conspiracy has been proved, you must view the evidence as a whole and not piecemeal . . . The conspiracy may be inferred from all the circumstances and the actions and statements of the participants."). Further, "schemes involving 'two or more phases or spheres of operation' may nevertheless amount to a single conspiracy, 'so long as there is sufficient proof of mutual dependence and assistance' among the conspirators." *United States v. Pena*, 846 Fed. Appx. 49, 51 (2d Cir. 2021) (quoting *United States v. Berger*, 224 F.3d 107, 114-15 (2d Cir. 2000)). In *United States v. Friesel*, 224 F.3d 107 (2d Cir. 2000), for example, the court affirmed the jury's finding of a single conspiracy even though the defendants engaged in multiple schemes to defraud three different government agencies, given that these schemes shared a "common purpose, overlapping participants, and mutual dependence. The jury could reasonably have inferred that all of the appellants were aware of the general nature and extent of the larger conspiracy -- even though they did not each join in every aspect of the fraud." *Id*. at 115.

*Second*, Defendants challenge the admissibility of GX-0054 and GX-0080 because these two exhibits, standing alone, fail to establish all six Defendants' participation in the charged conspiracy at the time that the statements were made. No party is required to prove its entire case in a single document (or even two). The *Geaney* court instructs trial courts to consider the evidence of the conspiracy "when all the evidence is in." *United State v. Geaney*, 417 F.2d at 1120. While the two exhibits in question may date from an early time period of the conspiracy, prior to certain Defendants joining that conspiracy, when taken together with the other evidence, the jury may properly consider these exhibits when determining the existence of the conspiracy and the membership of that conspiracy. This is consistent with Supreme Court and Second Circuit precedent. *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 442 (1948) (when a conspiracy has been established, "the declarations and acts of the various members, even though

made or done prior to the adherence of some to the conspiracy, become admissible against all as declarations or acts of coconspirators in aid of the conspiracy."); *United States v. Farhane*, 634 F.3d 127, 161 n. 35 (2d Cir. 2011) ("Where statements are made in the course of an existing conspiracy in which the defendant later joins, those statements may be admitted against him, even though he was not a member of the conspiracy at the time the statements were made, on the theory that he assumes the risk for what has already happened in the scheme.") (internal citations omitted).

*Third*, the question of whether a witness's memory is faulty is an appropriate subject for cross-examination, and does not warrant wholesale preclusion of evidence. *See Fuentes v. Griffin*, 829 F.3d 233, 248 (2d Cir. 2016) (quoting *Greene v. McElroy*, 360 U.S. 474, 496 (1959)) ("Cross-examination is especially 'important where the evidence consists of the testimony of individuals whose memory might be faulty.'") If Defendants question the witness's credibility regarding GX-0054 and GX-0080, the appropriate remedy is not to preclude these exhibits, but to cross-examine the witness and attack his credibility.

*Fourth*, Defendants argue that these exhibits are irrelevant, having no "tendency to make a fact [of consequence] more or less probable." Fed. R. Evid. 401. That argument fails on the face of the exhibits themselves. The grand jury charged the six Defendants with participating in a criminal conspiracy to allocate aerospace engineer employees between and among them. As the Court can see, both of these exhibits *explicitly* reveal and discuss the existence of a "gentlemen's agreement" between certain outsource engineering suppliers to not hire each other's employees, based on the first-hand knowledge of the two individuals, both alleged coconspirators, making the statements. These exhibits are relevant to question of the existence of an agreement and whether the alleged conspirators, charged and uncharged, knowingly participated in it, and in the

Second Circuit, "[r]elevance under the FRE is a low threshold, easily satisfied." *United States v. Gramins*, 939 F.3d 429, 450 (2d Cir. 2019).

*Finally*, there is nothing unduly prejudicial or misleading about these exhibits. As explained above, these exhibits speak directly to the existence of the charged conspiracy and the existence of an agreement. While that may be prejudicial to Defendants' legal interests in that it contradicts their defense, it is not *unfairly* prejudicial such that Rule 403 would bar their admission, especially given their central relevance and thus high probative value. Nor have Defendants pointed to anything in the two exhibits that may confuse or mislead jurors, as opposed to merely *incriminate* the Defendants. To the extent Defendants wish the jurors to view GX-0054 and GX-0080 as less incriminating than they may appear, cross-examination and appropriate argument are the appropriate tools.

## CONCLUSION

For reasons set forth above, the United States respectfully requests that the Court deny Defendants' motion filed as Dkt. No. 492 (Sealed Dkt. No. 494).

Respectfully submitted,

*/s/ Amanda A. Barnes*
CARRIE A. SYME
T. JAKOB SEBROW
AMANDA A. BARNES
TRIAL ATTORNEYS, NEW YORK OFFICE
U.S. Department of Justice, Antitrust Division
26 Federal Plaza, Room 3630
New York, NY 10278
Tel.: (202) 677-2673

DAVID T. HUANG
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct30434
United States Attorney's Office
District of Connecticut
157 Church Street
New Haven, CT 06510
Tel.: (203) 821-3700

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 2, 2023, a copy of the forgoing THE UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE UNFAIRLY PREJUDICIAL HEARSAY EVIDENCE was filed electronically and served to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept filing on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

                                        */s/ Amanda A. Barnes*
                                        AMANDA A. BARNES
                                        TRIAL ATTORNEY, NEW YORK OFFICE
                                        U.S. Department of Justice, Antitrust Division